UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe

    v.                                                      Civil No. 23-cv-441-LM-TSM
                                                         Opinion No. 2023 DNH 151 P

U.S. Secretary of State, et al.

**O R D E R**

Plaintiff John Doe brings this mandamus action against defendants Anthony Blinken and the National Visa Center. Doe alleges that defendants have unreasonably delayed adjudicating his application for a Special Immigrant Visa. Presently before the court is Doe's ex parte motion to proceed under a pseudonym. Doc. no. 3. For the reasons stated below, the court grants plaintiff's motion.[1]

**STANDARD OF REVIEW**

"Litigation by pseudonym should occur only in 'exceptional cases.'" Doe v. Mass. Inst. of Tech., 46 F.4th 61, 70 (1st Cir. 2022) (quoting Doe v. Megless, 654 F.3d 404, 408 (1st Cir. 2011)). Indeed, there is a "strong presumption" against proceeding by pseudonym, which the moving party bears the burden of rebutting. Id. at 73. "A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the

---

[1] In an endorsed order issued on October 3, 2023, the court indicated it would defer issuing this ruling until the defendants had been served and had an opportunity to respond. Based on the parties' communications with the clerk's office since that time, the court understands that all defendants have been served and that they do not object to doc. no. 3.

public interest in transparency, taking all relevant circumstances into account." Id. at 72. A district court "enjoys broad discretion" in analyzing requests for pseudonymity.

## BACKGROUND

The following facts are drawn from Doe's complaint and from an affidavit attached to his motion to proceed via pseudonym. See id. at 64; see also id. at 73 ("In most cases, the district court should require a declaration or affidavit either by the moving party or someone with special knowledge who can speak to the need for anonymity in [the] case."). Doe, an Afghani citizen, was employed by a government contractor in support of U.S. military and reconstruction efforts in Afghanistan between 2008 and 2013. Although Doe applied for a Special Immigrant Visa in January 2012, no final adjudication regarding his application has been rendered. According to the complaint, defendants refuse to take further action on Doe's application.

Doe and his family were unable to secure evacuation with the U.S. forces in 2021 and were left behind in Afghanistan. Since then, he has suffered persecution at the hands of the Taliban. Agents of the Taliban have come knocking at Doe's door, looking for him. He and his family have changed homes six times since 2021. They are essentially in hiding; his children cannot go to school, and he cannot work out of fear that they will be discovered and killed. Doe is reliant upon the processing of his Special Immigrant Visa to escape Afghanistan.

## DISCUSSION

In <u>Doe v. Massachusetts Institute of Technology</u>, the First Circuit set forth four paradigmatic situations in which appearing by pseudonym may be appropriate: (1) when the moving party "reasonably fears" that disclosure of his identity will cause "unusually severe" physical or psychological harm; (2) when public disclosure of the party's identity "would harm innocent non-parties"; (3) when "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated"; and (4) when the suit is "bound up" with a prior confidential proceeding such that disclosure of the movant's identity "would significantly undermine" the interests served by maintaining the confidentiality of the prior proceeding. <u>Doe v. Mass. Inst. of Tech.</u>, 46 F.4th at 71-72. Although, as noted, proceeding by pseudonym should be rare, if the movant can establish that their situation falls within one or more of these general categories, "anonymity ordinarily will be warranted." <u>Id.</u> at 71.

Here, the facts alleged by Doe place him within three of the four paradigms set forth by the First Circuit. Doe reasonably fears that disclosure of his identity in this action will cause him severe physical and psychological harm. Doe is an Afghani national who aided U.S. military efforts for several years. He is in hiding from the Taliban, who have already discovered his location on at least one occasion despite substantial efforts to remain hidden. Revelation of Doe's identity in this proceeding would also risk substantial harm to his family members, who are not parties to this action. Finally, other

3

persons in situations like Doe's would be dissuaded from seeking legal relief were his identity to be revealed. Such litigants would reasonably fear that they, too, could be discovered by the Taliban and exposed to mortal danger.

Because Doe falls within several of the paradigms set forth in Doe v. Massachusetts Institute of Technology, it is appropriate to grant his motion to proceed under a pseudonym at this early stage of the litigation. However, "[d]istrict courts must be mindful that 'the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.'" Id. at 73 (quoting Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1069 (9th Cir. 2000)). "Consequently, an order granting pseudonymity should be periodically reevaluated if and when circumstances change." Id. Either party may file a motion to vacate this order if Doe's circumstances change such that anonymity may no longer be appropriate. In addition, the court may order Doe to submit affidavits or other evidence regarding the need for continued anonymity as the litigation progresses.[2]

---

[2] Although it has not yet taken effect, a proposed change to this court's local rules would establish a procedure for requests to proceed pseudonymously. See Proposed LR 10.1, available at https://www.nhd.uscourts.gov/pdf/Local%20Rules%202023%20Amendments%20Public%20Comment%20Draft.pdf; see also Doe v. Mass. Inst. of Tech., 46 F.4th at 77 (encouraging district courts to adopt local rules establishing procedures for requests to proceed under a pseudonym).

## CONCLUSION

For these reasons, the court grants Doe's motion to proceed under a pseudonym (doc. no. 3).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 18, 2023

cc:   Counsel of Record